## No. 10,504.

### THE PEOPLE *v.* KNIGHT.

Decided November 5, 1923.

Criminal prosecution for forgery. Information quashed.

### *Ruling Approved.*

1. CRIMINAL LAW—*Forgery.* The forging of a physician's name to a prescription for a narcotic drug, held not to constitute a crime under the provisions of section 6764, C. L. '21, no pecuniary damage resulting to the physician therefrom.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. PHILIP VAN CISE, District Attorney, Mr. JAMES E. GARRIGUES, Assistant, for the people.

No appearance for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was charged by an information, in two counts, with making and uttering a forged instrument, to-wit, a prescription for a narcotic drug. The information alleged that the defendant forged to such a prescription the name of a licensed physician, with intent to damage the said physician. A motion to quash was sustained, and the state brings error.

The information was brought under section 6764 C. L. 1921, which makes it an offense to forge or counterfeit certain instruments named in the statute, or to counterfeit or forge the handwriting of another with intent to prejudice, damage or defraud any person.

It appears from the people's brief that the motion to quash "was sustained upon the theory that the prejudice or damage must have been to some property right, or must have constituted or resulted in some pecuniary or financial loss to the party." It appears further from the information that the physician whose name was falsely signed to the prescription was a resident of Colorado Springs; and that the prescription was used to obtain a narcotic in the City and County of Denver.

We are of the opinion that the statute, in making the intent to defraud or cause damage an element of the crime, refers to damages which can be measured in dollars and cents. The state contends that if one may forge such a paper, a succession of such forgeries of the name of a physician might prejudice him. That may be so, but there could be no intent to produce such an effect, and it is too remote and incidental to be regarded as within the terms of the law. We think the trial court was right in so holding and the ruling is therefore approved.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.